IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKIE McLEOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 1:09cv333-WHA |
| v. | ) | (WO) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On April 6, 2009 (Doc. No. 1),[1] the petitioner, Jackie McLeod, filed with this court a pleading styled as a "Motion to Amend 2241 Petition for Writ of Habeas Corpus; and Motion for Appointment of Counsel." Because the petitioner raises claims in this pleading that appear to challenge the validity of the sentence imposed on him by this court in 1993 for obstruction of justice, the court docketed his pleading as a new action for relief under 28 U.S.C. § 2255. Upon further review, the court finds that the instant pleading cannot be properly and effectively processed without clarification from the petitioner. Accordingly, it is

**ORDERED** that on or before April 30, 2009, the petitioner shall file with this court

---

[1] Although the pleading is date-stamped a filed on April 13, 2009, it was signed by the petitioner on April 6, 2009. A pro se inmate's pleading is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the petitioner's pleading] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

a supplement to his pleading that plainly states

    1)    whether, by his pleading (Doc. No. 1), the petitioner is attacking the validity of the sentence this court imposed on him in 1993 for obstruction of justice, or

    2)    whether the petitioner is challenging the October 2008 judgment of this court revoking his supervised release and imposing a 12-month term of imprisonment.

To the extent the petitioner requests appointment of counsel in the instant pleading, it is

**ORDERED** that this motion be and is hereby DENIED at this time.

Done this 16th day of April, 2009.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE