IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE McLEOD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 1:09cv333-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Jackie McLeod ("McLeod") is before this court on a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. McLeod challenges the judgment of the district court revoking his supervised release and sentencing him to 12 months in prison.

## I.   BACKGROUND

On October 7, 1993, after McLeod was convicted on federal charges of obstruction of justice, this court sentenced McLeod to 87 months in prison, to be followed by a three-year term of supervised release. At the time of sentencing, McLeod was serving an Alabama state prison sentence for various drug offense, and this court ordered that his federal sentence run consecutively to his state sentence.

McLeod was paroled by state officials in 1998 and was transferred to a federal facility to serve his federal sentence. After serving the incarceration part of his federal sentence,

McLeod was released from federal prison on December 17, 2004, at which time he began his term of supervised release. On July 13, 2006 – approximately 19 months into the term of supervised release – McLeod's supervising probation officer filed a "Petition for Warrant or Summons for Offender Under Supervision," alleging that McLeod had violated the conditions of his supervised release by failing to submit monthly reports and by moving from his approved address without notice. (*Attachment C*.) The petition further alleged that McLeod had absconded from supervision and that his whereabouts were unknown to his probation officer. (*Id*.) On July 17, 2006, based on the petition's allegations, the district court issued a warrant for McLeod's arrest.

McLeod's whereabouts remained unknown to federal authorities until sometime around May 22, 2008, when he was arrested in Dothan, Alabama, on a State of Alabama parole-violation warrant. At that time, McLeod was placed in the custody of the Houston County Jail. On June 6, 2008, the U.S. Marshal Service filed a detainer against McLeod with the Houston County Sheriff's Office based on the July 2006 arrest warrant charging McLeod with violating his supervised release. McLeod was later transferred to the custody of the Alabama Department of Corrections ("ADOC"), and the detainer was refiled with the ADOC on July 2, 2008.

In October 2008, McLeod was taken into federal custody pursuant to the detainer and brought before the district court for a revocation hearing as to his supervised release. At the revocation hearing, which was held on October 22, 2008, McLeod admitted the facts that

2

constituted violations of the terms of his supervised release, but challenged the court's jurisdiction to revoke his supervised release, claiming that the term of his supervised release had expired during the time he could not be found by federal authorities. (*Attachment F* at pp. 5-6 and 10.) The district court found McLeod's jurisdictional challenge to be frivolous, denied it, found McLeod guilty, revoked his supervised release, and sentenced him to 12 months in prison, service to begin upon his release into federal custody after completion of his state court sentence. (*Id.* at pp. 8-11.)

McLeod filed a notice of appeal, but the Eleventh Circuit dismissed the appeal on January 28, 2009, based on McLeod's failure to pay the docketing fee and failure to prosecute the appeal.

On April 6, 2009[1] McLeod, filed with this court a pleading styled as a "Motion to Amend 2241 Petition for Writ of Habeas Corpus; and Motion for Appointment of Counsel." (*Doc. No. 1*.) Because the pleading asserted claims appearing to challenge the validity of a sentence imposed on McLeod by this court, it was docketed as a new action for relief under 28 U.S.C. § 2255. This court then entered an order directing McLeod to file a supplement to his pleading stating whether he was attacking (1) the sentence imposed on him in 1993 for

---

[1] Although the pleading was date-stamped as filed on April 13, 2009, it was signed by the McLeod on April 6, 2009. A *pro se* inmate's pleading is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the petitioner's pleading] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

his obstruction of justice conviction or (2) the October 2008 judgment revoking his supervised release and imposing a 12-month sentence. (*Doc. No. 2*.) McLeod, however, filed a response indicating that he was seeking to attack *both* the 1993 sentence *and* the October 2008 judgment revoking his supervised release.[2] (*Doc. No. 3*.) Because the *Rules Governing Section 2255 Proceedings for the United States District Courts* provide that "[a] moving party who seeks relief from more than one judgment must file a separate motion covering each judgment," see *Fed. R. Governing § 2255 Proceedings* 2(d), this court entered an order directing McLeod to file an amendment to his pleadings specifying which *one* of the two judgments of this court he wished to challenge in the instant proceeding. (*Doc. No. 4*.) The court advised McLeod that if he wished to challenge more than one judgment of this court, he must file a separate motion pursuant to 28 U.S.C. § 2255 challenging each separate judgment. (*Id*. at p. 2.)

On July 7, 2009, in apparent response to this court's orders, McLeod filed a pleading styled "Amended 2241 Petition for Writ of Habeas Corpus; and, Motion for an Evidentiary Hearing, Immediately." (*Doc. No. 5*.) From that pleading, the court determined that McLeod

---

[2] A review of this court's docket reflects that McLeod has filed at least five § 2255 motions attacking his federal conviction and sentence for obstruction of justice. *See United States v. Jackie McLeod*, Civil Action No. CR. 92-220-S (M.D. Ala. June 30, 1998); *United States v. Jackie McLeod*, Civil Action No. 01-A-301-S (M.D .Ala. Apr. 11, 2001); *United States v. Jackie McLeod*, Civil Action No. 02-A-395-S (M.D.Ala. May 16, 2002); *United States v. Jackie McLeod*, Civil Action No. 02-A-468-S (M.D. Ala. June 26, 2002); *United States v. Jackie McLeod*, Civil Action No. 03-A-113-S (M.D.Ala. Feb. 11, 2003). McLeod's initial § 2255 was considered on the merits and was decided adversely to him. His other § 2255 motions were summarily dismissed as successive motions.

4

sought to attack the October 2008 judgment revoking his supervised release and imposing a 12-month sentence.

On July 14, 2009, this court entered an order, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), informing McLeod of its intention to treat his pleading filed on April 6, 2009 (*Doc. No. 1*), as amended by his pleading of July 7, 2009 (*Doc. No. 5*), as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (*See Doc. No. 6.*) The court's order also directed McLeod to advise this court whether he wished to (1) proceed before the court under 28 U.S.C. § 2255 on the claims presented in his pleadings filed on April 6, 2009, and July 7, 2009, to the extent those pleadings attacked the October 2008 judgment of this court revoking his supervised release and imposing a 12-month sentence; (2) amend his pleadings to assert any additional claims under 28 U.S.C. § 2255 on which he wished to challenge that same judgment; or (3) dismiss his instant action. (*Id*.)

On August 23, 2009, McLeod filed a motion to amend, in which he asserted claims that the lawyer who represented him during the October 2008 revocation proceedings rendered ineffective assistance of counsel. (*Doc. No. 8*.) This court then entered an order directing the United States to file a response addressing all claims presented by McLeod in his § 2255 motion, as amended, to the extent such claims attacked the October 2008 judgment revoking his supervised release and imposing a 12-month sentence. (*Doc. No. 9*.) On November 10, 2009, the government filed its response, arguing that all of McLeod's claims for relief were meritless. (*Doc. No. 18*.) McLeod thereafter filed a reply to the

5

government's response (*Doc. No. 20*) and an additional motion supplementing the arguments in his previous pleadings (*Doc. No. 21*).

This court understands McLeod's § 2255, as amended, to assert the following claims:

1. The district court lacked the authority or jurisdiction to revoke his supervised release because he was not "formally arrested" on the arrest warrant for his supervised-release violation before his revocation hearing was held.

2. His lawyer during the revocation proceedings was ineffective for:

    (a) failing to interview a U.S. Marshall to determine if he was ever "formally arrested" on the warrant for his supervised-release violation;

    (b) failing to object to the district court's refusal to run his 12-month revocation sentence concurrently with his state sentence; and

    (c) failing to argue for a downward departure during the revocation proceedings.

(*See Doc. Nos. 1, 3, 5, 8, 20-21*.)

After careful consideration of the § 2255 motion as amended, the parties' submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts,* the motion should be denied.

## II.   DISCUSSION

**A.   District Court's Jurisdiction to Revoke Supervised Release**

McLeod argues that the district court lacked the authority or jurisdiction to revoke his

supervised release because he was never "formally arrested" on the warrant for his supervised-release violation that was issued by the district court in July 2006. (*See Doc. No. 1* at pp. 2-3; *Doc. No. 3* at p. 2; *Doc. No. 5* at pp. 1-2; *Doc. No. 8* at pp 1-2; *Doc. No. 21* at pp. 1-2)

Although it is unclear what McLeod means by a "formal arrest" on the warrant for his supervised-release violation, it is enough to observe that the warrant in McLeod's case was effectively executed in October 2008 when McLeod was taken into federal custody pursuant to the federal detainer – which was based on the warrant – and brought before the district court for the revocation hearing. That is, the taking of McLeod into federal custody on the arrest warrant constituted the "execution of the warrant." Moreover, when McLeod was taken into federal custody, he had already been put on notice that there was a detainer lodged against him based on the warrant and his alleged violation of the terms of his supervised release. The court knows this because McLeod had previously filed a separate action for habeas corpus relief in which he argued that the detainer was invalid because it was not lodged until after the term of his supervise release had expired. *See McLeod v. United States*, Civil Action No. 1:08cv396-MHT (M.D. Ala.). This court rejected McLeod's argument in that case after finding that because McLeod had absconded from supervised release and could not be found by federal authorities, the term of his supervised release was tolled from the time he absconded from supervision until the time he was located by federal authorities.[3]

---

[3] For the same reason, McLeod's term of supervised release had not expired by the time his
(continued...)

7

*See id., Doc. Nos. 16-18.*

McLeod also appears to suggest that the district court was without jurisdiction to revoke his supervised release because neither the U.S. Marshal nor the U.S. Attorney requested that the district court issue a writ of habeas corpus *ad prosequendum* commanding his production by the state for purposes of appearing at the revocation hearing. While it is not apparent from the record whether a writ of habeas corpus *ad prosequendum* was requested or issued in McLeod's case, such a writ is not the sole means by which federal authorities may obtain temporary custody to secure a defendant's presence for federal

---

[3](...continued)
revocation hearing was held. The district court issued the warrant for the supervised-release violation on July 17, 2006, approximately 19 months into McLeod's three-year term of supervised release. McLeod absconded from supervision for a period of approximately 22 months thereafter. On May 22, 2008, he was arrested by Alabama authorities for violating his state parole. This court presumes that Alabama authorities notified federal authorities of McLeod's apprehension shortly after this arrest, as the U.S. Marshal Service lodged the detainer against McLeod on June 6, 2008, and then refiled the detainer on July 2, 2008. Because of the tolling effect of McLeod's absconding from supervision, well over one year remained on his supervised-release term at the time federal authorities filed their detainer. *See, e.g., United States v. Delamora*, 451 F.3d 977, 980-81 (9th Cir. 2006) (defendant's fugitive status when warrant for supervised-release violation was issued tolled the term of supervised release from time defendant absconded until time he was located by authorities); *United States v. Murguia-Oliveros,* 421 F.3d 951, 954 (9th Cir. 2005) (citation omitted.) ("[W]e should not reward those who violate the terms of their supervised release and avoid arrest until after their original term expires. Tolling is necessary to prevent this result."); *United States v. Workman*, 617 F.2d 48, 51 (4th Cir. 1980) (noting that in calculating a defendant's term of probation, courts have excluded the time period during which a probationer is voluntarily outside the jurisdiction of the court and not under the supervision of a probation officer); (*United States v. Buchanan*, 632 F. Supp. 2d 554, 558-63 (E.D. Va. 2009) (five-year term of supervised release was tolled during 13-year period defendant remained in fugitive status after absconding from supervision two years into his supervised-release term); *United States v. Thompson*, 841 F.Supp. 464, 465 (D. Conn. 1994) (holding that issuance of warrant alleging probation violation tolled the probation term where probationer absconded: "A term of probation is tolled when the probationer is not in fact under probationary supervision by virtue of her own wrongful act.").

prosecution. Where a detainer has been placed on a defendant, federal authorities may also simply present the state with a written request for temporary custody. *See United States v. Mauro*, 436 U.S. 340, 362 (1978)[4]; *United States v. Beard*, 41 F.3d 1486, 1489 n.9 (11th Cir. 1995). This apparently is what was done in McLeod's case. In any event, nothing in the record suggests that McLeod was not lawfully in federal custody when he appeared at the revocation hearing.[5] Moreover, McLeod points to no facts, and presents no legal argument, tending to impugn the jurisdiction of the district court to hold the revocation hearing and to revoke his supervised release.

For the reasons set forth above, this court finds no merit in McLeod's claim that the district court was without authority or jurisdiction to revoke his supervised release.

## B.   Ineffective Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that test, the petitioner must first show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness." *Id*. at 688. Second, he must show that counsel's deficient performance actually prejudiced his defense. *Id*. "There is a strong

---

[4] In *Mauro*, the Supreme Court described the difference between detainers and writs of habeas corpus *ad prosequendum* and noted that, after filing a notice of detainer, the prosecutor secures temporary custody by presenting the state with either a written request for temporary custody or a writ of habeas corpus *ad prosequendum*. 436 U.S. at 362.

[5] Moreover, even if the court were to assume that McLeod was not lawfully in federal custody, it is of no moment. It has long been the law that an illegal arrest or detention does not void a subsequent conviction. *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865 - 866 (1975); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886).

presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving counsel's representation was unreasonable under prevailing professional norms and that the challenged actions was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). The court must be mindful to "address not what is prudent or [even] appropriate, but only what is constitutionally compelled." *Burger v. Kemp*, 483 U.S. 776, 794 (1987).

### 1.   *Failure to Raise Claim Regarding Lack of "Formal Arrest"*

McLeod contends that his counsel during the revocation proceedings rendered ineffective assistance by failing to interview a U.S. Marshall to determine if McLeod was ever "formally arrested" on the warrant for his supervised-release violation. (*See Doc. No. 8* at pp. 1-2; *Doc. No. 20* at p. 1.)

The attorney who represented McLeod during the revocation proceedings, Kevin L. Butler, filed an affidavit in which he addresses this claim by McLeod as follows:

> Mr. McLeod asserts that my representation was ineffective because: (1) I failed to interview a U.S. Marshal regarding whether he was formally arrested on the Petition for Warrant of Summons for Offender Under Supervision filed July 12, 2006; (2) I failed to inform the Court the United States waived its right to a revocation hearing because of its failure to comply with proper habeas procedure and therefore he was never formerly/properly in U.S. Custody for the hearing....
>
> After reviewing Mr. McLeod's petition (and amendments) multiple times, undersigned counsel has had difficulty understanding the grounds upon which Mr. McLeod believes he is entitled to relief. It appears that Mr. McLeod's arguments are that ... because this Court and the United States

10

> Attorney's office failed to properly take custody of Mr. McLeod after the July 12, 2006 Petition for Warrant of Summons for Offender Under Supervision was filed, the subsequent 12 month sentence should also be vacated. ...
>
> As drafted by Mr. McLeod, [this claim] does not appear to present a legally cognizable claim. At best, in the opinion of the undersigned counsel, [this claim] is a novel legal argument which would not have been effective or persuasive. As counsel determines what legal claims to present to the Court, it was my decision not to present this claim as it would not have enured to Mr. McLeod's benefit.

(*Doc. No. 13* at pp. 2-3.)

This court has, above, already discussed the substantive claims underlying this claim of ineffective assistance of counsel by McLeod, and has found them to lack merit. Counsel is not ineffective for failing to raise a meritless issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Because McLeod cannot show deficient performance by his counsel in this regard or any resulting prejudice, he not entitled to any relief based on this claim of ineffective assistance of counsel.[6]

---

[6]McLeod's reply to the government's response to his § 2255 motion contains an allegation that his counsel was ineffective for failing to argue that his revocation hearing was not held within 90 days after his incarceration for his supervised-release violation. (*Doc. No. 20* at p. 1; *see also Doc. No. 5* at p. 2.) However, McLeod was not taken into federal custody, based on the warrant for his supervised-release violation, until October 2008. His revocation hearing was held on October 22, 2008. Therefore, the revocation hearing was held within 90 days of his incarceration for his supervised-release violation. Moreover, Fed.R.Crim.P. 32.1(b)(C)(2) provides that a supervised-release revocation hearing must be held "within a reasonable time." Consequently, there is no merit to McLeod's assertion that his counsel was ineffective in this regard. There is no duty to provide a parolee or defendant on supervised release an adversarial revocation hearing until he is taken into custody as a parole violator or supervised-release violator by execution of the parole-violation or supervised-release violation warrant. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976).

### *2.     Failure to Argue for Concurrent Sentence*

McLeod contends that his counsel was ineffective for failing to object to the district court's failure to run his 12-month revocation sentence concurrently with his state sentence. (*See Doc. No. 8* at p. 3.)

Upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a).[7] 18 U.S.C. § 3583(e); *see United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). A district court need not, however, explicitly consider every single § 3553(a) factor in order for the sentence to be reasonable. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). In addition, it is within a district court's discretion to impose a revocation sentence consecutively to another sentence

---

[7]Specifically, the district court must consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; ... (4) the kinds of sentence and the sentencing range established for ... (B), in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission ...; and (5) any pertinent policy statement ... issued by the Sentencing Commission.

18 U.S.C. § 3553(a).

as long as the court considers the § 3553(a) factors. *See United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994).

At the revocation hearing, McLeod, citing his health problems, asked the court that any sentence imposed for his supervised-release violation not be tacked onto the state sentence he was also serving. However, after considering McLeod's request and the factors set forth in 18 U.S.C. § 3553(a), the court made the determination that McLeod's 12-month revocation sentence should run consecutively to his state sentence.[8] The court noted that it was authorized to impose a sentence of up to 24 months and that McLeod could have been charged with a supervised-release violation spanning a period of two years instead of the two-month period cited by his supervising probation officer in the petition alleging McLeod's violations. (*Attachment F* at pp. 8-9.)

It is plain from the record that the court considered and rejected McLeod's request. McLeod points to no facts and presents no persuasive argument suggesting that an objection by his counsel to the district court's decision to run his revocation sentence concurrently with his state sentence would have been successful. Consequently, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 3. *Failure to Argue for Downward Departure*

McLeod contends that his counsel was ineffective for failing to argue for a downward

---

[8] The court also noted that it had taken into consideration the policy statements in Chapter 7 of the Sentencing Guidelines Manual, the guidelines range, and all other relevant information. (*Attachment F* at p. 9.)

departure.  (*See Doc. No. 8* at p. 3.)  At the revocation hearing, the district court was presented with McLeod's argument that he should not be sentenced to any additional time for his supervised-release violation.  The record shows that the district court rejected that argument.  The recommended advisory guideline range for McLeod's violations was a sentence of from 8-14 months.  The district court imposed a sentence of 12 months.  It is obvious from the district court's statements at the revocation hearing that the court was not inclined to grant McLeod a sentencing departure.  Again, McLeod points to no facts and presents no persuasive argument suggesting that a downward-departure request by his counsel would have been successful.  Therefore, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McLeod be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 6, 2011.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of

issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of May, 2011.


/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE